UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| BENNY RAY ADKINS, | Case No. 8:17-cv-02205-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Benny Ray Adkins ("Plaintiff") filed a Complaint on December 19, 2017, seeking review of the Commissioner's denial of his application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute. The matter now is ready for decision.

**I.**

**BACKGROUND**

Plaintiff filed an application for DIB on March 16, 2014, alleging disability commencing on April 29, 2012. Administrative Record ("AR") 155-58. After his application was denied initially and on reconsideration (AR 99-

105), Plaintiff requested an administrative hearing (AR 112-13), which was held on July 27, 2016. AR 28-68. Plaintiff, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ").

On September 12, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 7-27. The ALJ found that Plaintiff had not engaged in substantial gainful employment since April 29, 2012 and suffered from the severe impairments of degenerative disc disease and disorders of the muscle, ligament, and fascia. AR 12. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 14. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform light work, further limited as follows:

> [T]he claimant can lift/and or carry twenty pounds occasionally, ten pounds frequently, stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday, with frequent pushing/pulling and postural limitations including occasional balancing, stooping, kneeling, crouching, and crawling, but no climbing ladders/ropes/scaffolds and occasional overhead reaching and frequent handling and fingering.

AR 15.

The ALJ found Plaintiff was capable of performing his past relevant work as a cashier checker as actually and generally performed in the regional and national economy. AR 21. The ALJ also found, considering Plaintiff's age, education, work experience, and RFC, other jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 21. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act. AR 22.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6.

# II.
# LEGAL STANDARDS

**A. <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. <u>Id.</u> To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Id.</u> at 720-21; see also <u>Molina v. Astrue</u>, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. <u>Id.</u> at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." <u>Brown-Hunter</u>, 806 F.3d at 492 (citation omitted).

B. **Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or

regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.
### DISCUSSION

The parties present one disputed issue: Whether the ALJ properly considered the opinions of Lincoln Yee, M.D. ("Dr. Yee"). Jt. Stip. at 4.

**A.    The ALJ's Evaluation of Dr. Yee's Opinion in Fashioning the RFC**

1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. § 416.902. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of

doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id.

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r, Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

2. Analysis

Plaintiff argues the ALJ did not properly consider the opinion of Dr. Yee, an examining physician.

On August 21, 2014, Dr. Yee conducted a panel qualified medical evaluation of Plaintiff. AR 804-27. Dr. Yee opined Plaintiff had a chronic cervical strain with right upper extremity radiculitis; probable right-sided C6-7 radiculopathy; status post C5-6 decompression and fusion; right elbow subluxation of the ulnar nerve; lateral epicondylitis, resolving; and right shoulder scapula-thoracic impingement syndrome. AR 822. Dr. Yee described Plaintiff as unable to perform repetitive bending, twisting, or turning activities of the cervical spine. AR 823. Lastly, Dr. Yee asserted Plaintiff should refrain from repetitive extension activity of his right shoulder; and Plaintiff should refrain from repetitive gripping, grasping, very heavy lifting, and torqueing of his right elbow. AR 823-24.

The ALJ twice cited the exhibit containing Dr. Yee's medical evaluation. AR 16 (citing Exhibit "7F," AR 804-827). The citations referred only to the results of "[r]adiology studies of the shoulder" and "a CT myelogram scan of the cervical spine." Id. The ALJ did not mention Dr. Yee by name, his medical opinions, or work limitations set forth by Dr. Yee.

Having carefully reviewed the record, the Court finds that the ALJ's evaluation of Dr. Yee's opinion is not legally sufficient.

In reaching conclusions based upon medical evidence, an ALJ must discuss significant and probative medical evidence and, if rejected or discounted, explain why such evidence is rejected or discounted. See Robbins, 466 F.3d at 883; Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (finding ALJ must discuss significant and probative evidence and explain why it was rejected); Brown-Hunter, 806 F.3d at 492 (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); Alvarez v. Astrue, 2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.").

Here, the ALJ did not reference or address the limitations set forth by Dr. Lee or incorporate those limitations in the RFC or in hypothetical questions posed to the vocational expert ("VE"). The limitations, including limitations against "repetitive extension" of the right shoulder and "repetitive gripping [and] grasping" (AR 823-24) are significant work-related limitations.

The Commissioner notes the ALJ did consider limitations assessed by Mark A. Mandel, M.D. ("Dr. Mandel") against "very repetitive pushing and pulling" and "very repetitive grasping." Jt. Stip. at 8 (citing AR 15). The parties dispute the significance of the differences between the meanings of "repetitive" and "very repetitive." Compare Jt. Stip at 5-6 with Jt. Stip. at 8-9. However, as a matter of grammar and usage, a limitation against "very

7

repetitive" activities is less restrictive than a limitation against merely "repetitive" activities.

Further, the fact that the terms or phrases are subject to differing interpretations, and may be terms of art used in the state worker's compensation system under which Dr. Yee and Dr. Mandel appeared to be operating in making their respective findings, support a finding that the ALJ should have considered and addressed Dr. Yee's assessed limitations. See Desrosiers v. Sec'y Health & Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988) (finding ALJ's decision was not supported by substantial evidence because the ALJ had not adequately considered definitional differences between the California workers' compensation system and the Social Security Act); Barcenas v. Berryhill, 2017 WL 3836040, at *3 (C.D. Cal. Aug. 31, 2017) (finding ALJ erred by failing to translate physician's opinion about claimant's limitations in workers' compensation context into Social Security context); Rocha v. Astrue, 2012 WL 6062081, at *2 (C.D. Cal. Dec. 3, 2012) (if there are terms of art utilized in the workers' compensation context, "such as . . . 'prolonged,' or similar terms, it is the job of the ALJ to translate the meaning of such terms into the Social Security context.").

Dr. Yee's assessed limitations were significant and probative, and the ALJ erred in not expressly considering those limitations and, if rejected, explaining the basis for rejecting the limitations.[1] Such error was not harmless because, in failing to expressly consider Dr. Yee's more restrictive limitations

---

[1] The Commissioner notes the ALJ's found "there was evidence of Plaintiff's symptom magnification, conservative care or his impairments, mild objective medical evidence, and overall normal physical examinations." Jt. Stip. at 9 (citing AR 20). Such considerations are appropriate in the ALJ's disability assessment, and are appropriate bases against which to weigh contrary medical evidence. However, those considerations do not excuse a failure to consider significant and probative medical evidence in the record.

8

or incorporate those restrictions into Plaintiff's RFC or the hypothetical questions posed to the VE, the VE's opinion regarding Plaintiff's ability to perform his past relevant work or other work lacks evidentiary value. See Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991) (holding VE's opinion, based on hypothetical that omitted "significant limitations" on claimant's ability to perform certain activity, "had no evidentiary value"), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001); Devery v. Colvin, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (court could not determine harmlessness of ALJ's failure to discuss the reasons she rejected limitations because VE did not testify that a hypothetical person with those limitations could work); Dunlap v. Astrue, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011) (court could not determine harmlessness of error because it was unable to "determine how the VE would have responded if he had been given a hypothetical containing [examining physician]'s actual opinion.").

**B.    Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

Here, the Court concludes that remand to the Commissioner for further administrative proceedings is warranted. On remand, the ALJ shall consider the opinions and assessed limitations of Dr. Yee, make appropriate findings regarding those opinions and assessed limitations, reassess Plaintiff's RFC in

light of those opinions and limitations, if warranted, and then proceed through step four and step five of the sequential evaluation, if necessary.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: September 28, 2018

_____
JOHN D. EARLY
United States Magistrate Judge